UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

STEVEN WILLIAMS,
On behalf of himself
and others similarly situated

Plaintiff,

vs.

EDUSTAFF, LLC,
a Michigan limited liability company

Defendant.

Civil Action No.:

HON.

_____

Robert M. Howard (P80740)
Bradley K. Glazier (P35523)
CUNNINGHAM DALMAN PC
Attorneys for Plaintiff
940 Monroe Avenue, N.W., Suite 253
Grand Rapids, MI 49503
(616) 458-6814
_____

## **INTRODUCTION**

This is a case involves the claims of Steven Williams, a former Edustaff employee, who worked as an interventionist is Lincoln Park Public Schools. Mr. Williams was paid hourly for his work. Williams and other hourly Edustaff employees frequently worked additional hours in multiple roles for Edustaff but were not paid overtime if their work in the additional roles resulted in them working more than 40 hours per week. Williams brings this case for violations of wage and hour laws on behalf of himself and other similarly situated Edustaff employees and former employees.

1

## COMPLAINT AND JURY DEMAND

Plaintiff Steven Williams, by his counsel, Cunningham Dalman PC, states as his Complaint against defendant Edustaff, LLC ("Edustaff") as follows:

## JURISDICTIONAL ALLEGATIONS

1. Steven Williams, on behalf of himself and all similarly-situated individuals, brings this action against defendants Edustaff. Plaintiff seeks appropriate monetary, declaratory, and equitable relief based on defendant's willful failure to compensate Williams and similarly-situated individuals with overtime as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

2. This court has subject matter jurisdiction over the FLSA claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), as it is a civil action arising under the laws of the United States.

3. Under 28 U.S.C. § 1367, this Court has supplemental jurisdiction of plaintiff and similarly situated individual's Michigan law claims.

4. Steven Williams is a citizen of the United States and the State of Michigan. He resides in Wayne County.

5. Williams was an individual employed by defendants and was a covered "employee" pursuant to 29 U.S.C. § 203(e).

6. Defendant Edustaff is a staffing agency that provides substitute teachers, food service workers, custodial staff, and paraprofessionals to school districts throughout Michigan and ten other states. Edustaff's principal place of business is located 4120 Brockton Dr SE, Suite 200, Grand Rapids, Michigan 49512.

7. Edustaff is an "enterprise" within the meaning of the FLSA, 29 U.S.C. §203(r).

8. Edustaff is an "enterprise engaged in commerce or in the production of goods for commerce" as it had "employees engaged in commerce or in the production of goods for commerce" and "is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 . . .." 29 U.S.C. § 203(s)(1)(A). As such, Edustaff was a covered enterprise under the terms of the FLSA.

9. Plaintiff Williams was an "individual not less than 16 years of age employed by an employer on the premises of the employer or at a fixed site designated by the employer..." and was an "employee" pursuant to M.C.L. §408.412(c).

10. Defendant Edustaff is "a person, firm, or corporation … who employs 2 or more employees at any 1 time within a calendar year" M.C.L. §408.412(d). As such, Edustaff is a covered enterprise under the terms of the Michigan Workforce Opportunity Wage Act.

11. All non-exempt Edustaff employees, including Williams, have been subject to the same employment policies and practices, including policies and practices with respect to overtime pay.

12. Williams asserts his claims a part of collective action on behalf of himself and similarly situated current and former staff who elect to "opt in" pursuant to FLSA, 29 U.S.C. § 216(b) to remedy violations of the FLSA wage and hour provisions by defendants.

13. Williams also brings this action on behalf of himself and similarly situated current and former non-exempt Edustaff employee in Michigan, pursuant to Federal Rule of Civil Procedure 23, to remedy violations of M.C.L.A. §408.414a.

14. Venue in this Court is proper under 28 U.S.C. § 1391(b) because defendant Edustaff resides in this district.

## GENERAL ALLEGATIONS

15. Edustaff had direct or indirect control of the terms and conditions of Williams' work and the work of similarly situated staff and exercised that authority.

16. During all relevant times, Edustaff also exercised operational control over its educational staff, including, but not limited to, control over recruiting and training of employees, compensation of staff, setting job duties of staff, staff work schedules, and work assignments.

17. Edustaff's gross revenue exceeds $500,000 per year.

18. Edustaff functions to generate profits for its members.

### Individual Allegations

19. Plaintiff Williams resides in Taylor, Michigan.

20. Williams has given written consent to join this action. (Exhibit 1).

21. Williams began his employment at Lincoln Park Public Schools ("LPPS") in October 2010. He primarily reported to work at a facility owned and operated by LPPS at 1701 Champaign Rd, Lincoln Park, Michigan.

22. In 2016, Edustaff was engaged by LPPS to provide staff and to employ staff to provide work at LPPS facilities.

23. Edustaff hired Williams in 2016.

24. Williams worked for Edustaff as an intervention specialist at LPPS. His duties including providing school security for students at LPPS. Williams also worked as a mentor for at-risk students at LPPS.

25. Williams also worked additional duties, including supervising extra-curricular activities, such as sporting events, dances, and graduation ceremonies.

26. Williams's roles as an interventionist and his supervising activities were carried out at the same LPPS facility.

27. Williams was paid the same rate for his regular duties and the extra-curricular activities.

28. The rates of pay were determined by LPPS and Edustaff.

29. When Williams worked in different roles for Edustaff and LPPS, his paystubs reflected the hours worked in each position. (Exhibit 2 – sample paystubs).

30. Williams wage rate increased over the years from $19 an hour in 2020, to $25 an hour in 2024.

31. But if Williams worked over 40 hours per week in his combined roles, he was not paid overtime for hours worked over 40 hours. (Exhibit 2).

32. Willams' check stubs reflect that he was not paid overtime for all hours worked. Williams' hours of work are reflected without reference to the wage rate for certain work. (Exhibit 2). For example, on the February 16, 2024, payroll, the entries show Williams worked 10.5 hours at a rate of $0.00 for pay of $262.50. (Id.). The check stub reveals that Williams was not paid at his overtime rate for this work.

33. Edustaff knew that Williams and other similarly situated employees were not paid overtime when they worked over 40 hours.

34. Initially, Williams was told that he would be paid overtime when he worked after school events.

35. But Williams never received overtime for his work over 40 hours a week.

36. Williams frequently worked over 40 hours a week in his combined roles for Edustaff.

37. By failing to pay Williams and other similarly situated employees overtime rates, defendant Edustaff has violated the FLSA.

38. Williams has been harmed by the actions and inactions of Edustaff.

## Collective Action Allegations

39. Williams brings Count I on behalf of himself and all similarly situated current and former non-exempt staff employed by Edustaff, during the three years prior to the filing of this Collective Action Complaint and the date of final judgment in this matter, who elect to opt-in to this action (the "FLSA Collective").

40. At all relevant times, Williams and the FLSA Collective have been similarly situated, have had substantially similar job duties, requirements, and pay provisions, and have all been subject to defendants' decisions, policy, plan, practices, procedures, protocols, and rules of willfully refusing to pay Williams and the FLSA Collective overtime for hours worked over forty hours a week. William's claims are essentially the same as those of the FLSA Collective.

41. Edustaff's unlawful conduct is pursuant to a corporate policy or practice.

42. Edustaff was aware or should have been aware that federal law required it to pay employees overtime for all hours worked over 40 hours.

43. Edustaff knew that its policies were a violation of the FLSA. (Exhibit 3).

44. Despite knowing that Edustaff's policies were a violation of the FLSA, Edustaff continued to not pay overtime when its employees worked over 40 hours a week. (Exhibit 2).

45. Edustaff's unlawful conduct has been widespread, repeated, and consistent.

46. The action is properly brought under and maintained as an opt-in collective action under 29 U.S.C. § 216(b).

47. The Edustaff FLSA Collective members are readily identifiable and ascertainable.

48. For the purpose of notice and other purposes related to this action, the FLSA Collective members' names and contact information are readily available from defendants' records.

49. In recognition of the services Williams has rendered and will continue to render to the FLSA Collective, Williams may request payment of a service award upon resolution of this action.

50. As collective members are identified and opt in, their written consent will be submitted to the court.

**Class-wide Factual Allegations**

51. During all relevant times, Edustaff provided staff to LPPS and other school districts across Michigan.

52. The primary function of Edustaff is to provide staff to school districts.

53. Edustaff employees work in school districts across Michigan in many non-exempt roles such as facilitators, interventionists, paraprofessionals, food service workers, custodians, aids, clerks, tutors, mentors, and bus drivers.

54. Many non-exempt Edustaff employees work in multiple roles for Edustaff during a pay period.

55. While all Edustaff employees have different duties among their positions, all Edustaff employees were subject to the same pay scheme.

56. The practice and policy of not paying overtime for hours worked in multiple roles is applied to all similarly situated employees of defendants.

57. Plaintiff and similarly situated Edustaff employees were harmed by the actions and inactions of defendant Edustaff.

**Class Action Allegations**

58. Plaintiff brings the Count II under Federal Rule of Civil Procedure 23, on behalf of himself and a class of persons consisting of:

> All current and former, non-exempt Edustaff employees assigned to Michigan school districts in the State of Michigan between the date three years prior to the filing of this action and the date of final judgment in this matter ("Rule 23 Class") who worked more than 40 hours per week for Edustaff and were not paid overtime.

59. Excluded from Rule 23 Class are defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

60. Also excluded are Edustaff employees who work in exempt roles, such as teaching staff.

61. The hours assigned and worked, the positions held, and the amount of wages paid for each Rule 23 Class Member are determinable from defendant Edustaff's records.

62. For the purpose of notice and other purposes related to this action, the Rule 23 Class Members' names and contact information are readily available from defendant Edustaff.

63. Notice can be provided by means permissible under Federal Rule of Civil Procedure 23.

64. The Rule 23 Class member are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

65. There are substantially more than 50 Rule 23 Class members.

66. Williams's claims are typical of those claims which could be alleged by any Rule 23 Class member, and the relief sought is typical of the relief which would be sought by each Rule 23 Class member in separate actions.

67. Williams and the Rule 23 Class members were subject to the same corporate practices of defendant Edustaff, as alleged herein, of failing to pay overtime for hours worked over forty hours a week.

68. Williams and the Rule 23 Class members have all sustained similar types of damages as a result of Edustaff's failure to comply with M.C.L. §408.414.

69. Williams and the Rule 23 Class members have all been injured in that they have been uncompensated or under-compensated due to Edustaff's common policies, practices, and patterns of conduct. Edustaff's corporate-wide policies and practices affected all Rule 23 Class members similarly, and Edustaff benefitted from the same type of unfair and/or wrongful acts as to each of the Rule 23 Class members.

70. Williams and the Rule 23 Class members sustained similar losses, injuries, and damages arising from the same unlawful practices, polices, and procedures.

71. By seeking to represent the interests of the Rule 23 Class members, Williams is exercising and intends to exercise his right to engage in concerted activity for the mutual aid or benefit of himself and her co-workers.

72. Williams is able to fairly and adequately protect the interests of the Rule 23 Class and has no interests antagonistic to the Rule 23 Class.

73. Williams is represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

74. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation on behalf of hourly employees where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendant Edustaff. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

75. Upon information and belief, defendant Edustaff and other employers throughout the state violate M.C.L. §408.414a. Current employees are often afraid to

assert their rights out of fear of direct and indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

76. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

77. Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting Williams and the Rule 23 Class members individually and include, but are not limited to:

   a. Whether defendants paid Williams and the Rule 23 Class members at the proper overtime rate for all hours worked over 40 hours each week;

   b. Whether Williams and the Rule 23 Class were subject to a policy that required them to work additional hours after their shift without overtime compensation;

   c. The nature and extent of class-wide injury and the measure of damages for those injuries.

78. In recognition of the services Williams has rendered and will continue to render to the Rule 23 Class, Williams will request payment of a service award upon resolution of this action.

**COUNT I**
**VIOLATION OF FAIR LABOR STANDARDS ACT**
**(Failure to Pay Overtime)**
**(On Behalf of Plaintiff and the FLSA Collective)**

79. Williams restates and incorporates the foregoing allegations as if fully rewritten herein.

80. Williams and the FLSA Collective worked more than forty hours in one or more workweeks.

81. Edustaff did not pay Williams and the FLSA Collective at least one-and-a-half times their regular hourly rate for time worked in excess of forty hours per workweek.

82. By not paying Williams and the FLSA Collective proper overtime wages for time worked in excess of forty hours in a workweek, Edustaff willfully violated the FLSA.

83. As a result of Edustaff's willful violations, Williams and the FLSA Collective are entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

84. Under the FLSA, 29 U.S.C. § 207(a)(2), unless an employee is exempt, "No employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce...for a workweek longer than forty hours ... unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

85. Williams received a regular rate of $19.00 to $25.00 an hour for his work as an interventionist and monitoring extra-curricular activities.

86. Pursuant to the FLSA, Williams and the FLSA collective are entitled to an overtime rate of one- and one-half times the regular rate they earned.

87. Williams was paid the same hourly rate for hours worked in his multiple roles.

88. Some Edustaff employees are paid separate rates when they work in multiple roles. *See Gonzalez v. Edustaff, LLC and Bloomingdale Public Schools*, Case No. 1:23-cv-01029, ECF #1-2, PageID.14-23.

89. When an employee works two different types of work for which different non-overtime rates of pay have been established, the regular rate for that week is the weighted average of such rates. See 29 C.F.R. § 778.115.

90. By failing to pay Williams and the FLSA Collective for their overtime hours at a rate not less than one and one-half times their regular rate of pay as required under the FLSA, Edustaff violated 29 U.S.C. § 207, and Williams and the FLSA Collective are entitled to the damages and compensation set forth in 29 U.S.C. § 216(b), including but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

91. Edustaff's violations of the FLSA were not in good faith within the meaning of the Portal-to-Portal Act, 29 U.S.C. § 260, therefore, Williams and the FLSA Collective are entitled to liquidated damages under 29 U.S.C. § 216(b).

WHEREFORE, Williams and the FLSA Collective respectfully requests this court to enter a judgment in their favor and against Edustaff as follows:

A. Designation of this action as a collective action on behalf of the collective action members and prompt issuance of notice to all similarly-situated members of an opt-in class, apprising them of this action, permitting them to assert timely wage and hour claims in this action, and appointment of Williams and their counsel to represent the collective action members;

B. Legal Relief

(1) Compensatory damages for unpaid overtime hours at a rate of one and one-half times her regular pay;

(2) Liquidated damages equal to the amount of compensatory damages awarded; and

  (3) An award of interest, costs, and reasonable attorney fees and expert witness fees.

 C. Equitable Relief

  (1) An injunction prohibiting any further acts of wrongdoing and failure to pay wages or overtime wages;

  (2) Whatever other equitable relief appears appropriate at the time of final judgment.

<u>**COUNT II**</u>
<u>**VIOLATION OF WORKFORCE OPPORTUNITY WAGE ACT**</u>
**Failure to Pay Overtime - M.C.L. §408.414a**
**(On Behalf of Plaintiff and Rule 23 Class)**

92. Williams restates and incorporates the foregoing allegations as if fully rewritten herein.

93. The Michigan Workforce Opportunity Wage Act, M.C.L. §408.411, *et seq*. requires that employees be paid not less than least one-and-one-half times the regular rate at which the employee is employed for employment in a workweek in excess of 40 hours.

94. By not paying Williams and the Rule 23 Class at least one-and-one-half times the regular rate for each hour worked over forty (40) hours per week, defendant has violated M.C.L. §408.414a(1).

95. As a result of defendant's violations, Williams and the Rule 23 Class are entitled to damages, including, but not limited unpaid overtime, liquidated damages, costs, and attorney fees pursuant to M.C.L. §408.419.

WHEREFORE, Steven Williams, the FLSA Collective and the Rule 23 Class seek all of the following relief:

A. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B. Designation of Williams as representative of the Rule 23 Class and counsel of record as Class Counsel;

C. A declaratory judgment that the practices complained of herein are unlawful under the Workplace Opportunity Wage Act, M.C.L. §408.411, et seq;

D. An award of damages under M.C.L. §408.419, based on Defendant Edustaff's failure to pay overtime, liquidated damages, plus attorneys' fees and costs;

G. An award of pre-judgment and post-judgment interest;

H. An award of costs and expenses of this action, together with reasonable attorneys' fees and expert fees;

I. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

J. An injunction prohibiting any further acts of wrongdoing and failure to pay employee benefits; and

K. Such other legal and equitable relief as the Court deems appropriate.

                  CUNNINGHAM DALMAN, P.C.
                  Attorneys for Plaintiff

Date: March 28, 2024        By:    */s/ Robert M. Howard*
                                            Robert. M. Howard (P80740)
                                            Bradley K. Glazier (P35523)

                  BUSINESS ADDRESS:
                      940 Monroe Avenue, N.W., Suite 253
                      Grand Rapids, Michigan 49503
                      (616) 458-6814

**JURY DEMAND**

Plaintiff, Steven Williams, requests a trial by jury.

                                        CUNNINGHAM DALMAN, P.C.
                                        Attorneys for Plaintiff

Date: March 28, 2024        By:    */s/ Robert M. Howard*
                                                 Robert. M. Howard (P80740)
                                                 Bradley K. Glazier (P35523)

                                        BUSINESS ADDRESS:
                                          940 Monroe Avenue, N.W., Suite 253
                                          Grand Rapids, Michigan 49503
                                          (616) 458-6814