UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN WILLIAMS, on behalf of himself and others similarly situated,

    Plaintiff,

v

EDUSTAFF, LLC, a Michigan limited liability company,

    Defendant.

Case No: 1:24-cv-00326

Hon. Paul L. Maloney

| Robert M. Howard (P80740)<br>Bradley K. Glazier (P35523)<br>Cunningham Dalman, P.C.<br>*Attorneys for Plaintiff*<br>940 Monroe Avenue N.W., Suite 253<br>Grand Rapids, MI  49503<br>616-458-6814<br>robert@cunninghamdalman.com<br>brad@cunninghamdalman.com | Leigh M. Schultz (P71038)<br>Barbara A. Moore (P83123)<br>Miller Johnson<br>*Attorneys for Defendant EDUStaff, LLC*<br>100 W. Michigan Avenue, Suite 200<br>Kalamazoo, MI  49007<br>269-226-2950<br>schultzl@millerjohnson.com<br>mooreb@millerjohnson.com |
|---|---|

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

Plaintiff Steven Williams ("Plaintiff") and Defendant EDUStaff, LLC ("Defendant") have reached an agreement to resolve this lawsuit. Plaintiff and Defendant are collectively referred to herein as the "Parties". Because Plaintiff has asserted claims under the Fair Labor Standards Act ("FLSA"), the Parties' Settlement Agreement may require the Court's approval.

**I.     BACKGROUND**

Defendant EDUStaff is a staffing agency that provides substitute teachers, food service workers, custodial staff, and paraprofessionals to school districts throughout Michigan and various other states, including Lincoln Park Public Schools ("LPPS"). Plaintiff was an EDUStaff

employee assigned to work at LPPS. Plaintiff alleges that he worked as an intervention specialist and worked additional duties, including supervising extra-curricular activities, such as sporting events, dances, and graduation ceremonies during his assignments at LPPS.

On March 29, 2024, Plaintiff filed this suit (hereinafter referred to as the "Lawsuit") alleging that EDUStaff failed to pay overtime to Plaintiff and other similarly-situated individuals in accordance with the FLSA, 29 U.S.C. § 201, et seq., as amended, and the Workforce Opportunity Wage Act ("WOWA"), MCL 408.411 et seq. when Plaintiff worked over 40 hours in a workweek in two different jobs with two different rates of pay. The Complaint alleges that it is brought on behalf of Plaintiff and all other similarly-situated employees (i.e., any current or former EDUStaff employee who was not paid overtime when he or she worked over 40 hours during a given workweek in the three (3) year period prior to the filing of the Complaint).

After the Complaint was filed, the Parties began engaging in arms' length negotiations through counsel in an effort to reach an agreement to resolve the Lawsuit without any Party incurring additional fees or expenses. The Parties have now reached such an agreement. They desire to compromise and settle the Lawsuit, without any admission of liability or fault, and all claims that were or could have been asserted in the Lawsuit, according to the terms of the Settlement Agreement that is attached hereto as **Exhibit 1** (hereinafter referred to as the "Agreement").

As the Agreement reflects, Plaintiff, through his undersigned counsel, (a) made a thorough and independent investigation of the facts and law relating to the allegations and claims in the Lawsuit; (b) concluded that the terms of the Agreement are fair, reasonable, and adequate, and; (c) concluded that it is in the best interest of Plaintiff to resolve and settle the Lawsuit, pursuant to the terms set forth in the Agreement.

## II. SUMMARY OF KEY SETTLEMENT TERMS

Under the Agreement, Plaintiff along with each individual who was assigned by EDUStaff to perform in two different roles with two different rates of pay in the same workweek(s) at a Michigan public school since March 29, 2022 (hereinafter collectively referred to along with Plaintiff as the "Settlement Parties") would receive two (2) times the amount of unpaid overtime to which they are allegedly entitled that they did not previously receive looking back for a period of two (2) years prior to the filing of the Lawsuit. Those amounts are listed for each Settlement Party on Exhibit A to the Parties' proposed Agreement. (*See* Section 2 of the Agreement.)

In addition, under the Agreement, EDUStaff would pay Plaintiffs' Attorneys, Cunningham Dalman, P.C., the actual attorneys' fees and costs incurred related to the Lawsuit through the date of the Court order approving the Agreement up to a maximum of Fifteen Thousand and 00/100 Dollars ($15,000.00). (*See* Section 3 of the Agreement.)

The payments described above would be paid by EDUStaff within 28 days of the Court's approval of the Agreement.

## III. LEGAL ANALYSIS

### A. Standard for Approval of FLSA Settlements

Although the Sixth Circuit has never definitively answered the question of whether court approval is required for FLSA settlements, district courts regularly find that the FLSA context counsels in favor of court approval. *See, e.g.*, *Athan v. United States Steel Corp.*, 523 F. Supp. 3d 960, 964 (E.D. Mich. 2021); *Steele v. Staffmark Investments, LLC*, 172 F. Supp. 3d 1024, 1026 (W.D. Tenn. 2016) (indicating that the Sixth Circuit's holding in *Runyan v. Nat'l Cash Register Corp.*, 787 F.2d 1039, 1042-43 (6th Cir. 1986) makes it likely that the Court would require approval of FLSA settlements); *Arrington v. Mich. Bell Tel. Co.*, 2012 U.S. Dist. LEXIS 157362,

*1 (E.D. Mich. 2012) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

A recent decision in the Southern District of Ohio refused to approve a FLSA settlement on the basis that the Court was not required to approve the settlement. In *Gilstrap v. Sushinati LLC*, No. 1:22-cv-434, 2024 U.S. Dist. LEXIS 88152, (S.D. Ohio May 15, 2024), the court held, "In short, "[n]owhere in the text of the current or prior versions of § []16 ... is there a command that FLSA actions cannot be settled or otherwise dismissed without approval from a court." *Id.,* at *9. Further, "Neither the Supreme Court nor the Sixth Circuit has ever squarely held that FLSA settlements require preapproval by a federal court." *Id.* To resolve the case, the court held that "[T]he parties may file a stipulation of dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(ii). And with respect to the settlement itself, it suffices for the Court to observe that the parties may enter into any contract they wish—this Court currently expresses no opinion on such a contract's enforceability or fairness." *Id.,* *35. If this Court agrees with the *Gilstrap* opinion, the parties will file a stipulation for dismissal.

If this Court disagrees with the *Gilstrap* opinion then before a court can approve the settlement of an FLSA claim, "the Court must determine that the parties were engaged in a bona fide dispute and that the settlement is a fair and reasonable compromise of the issues presented." *Athan*, 523 F. Supp. 3d at 965. If the settlement of a plaintiff's FLSA claim is a fair resolution of the issues, the court may approve the settlement "to promote the policy of encouraging settlement in litigation." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). As described below, the Parties' proposed Agreement meets this standard.[1]

---

[1] Plaintiff's counsel has agreed that conditional certification of a collective action and notice to potential opt-in plaintiffs are unnecessary so long as the settlement agreement includes—as the

4

### B. The Proposed Settlement Fairly Resolves the Parties' Bona Fide Dispute.

Plaintiff alleges that Defendant failed to pay him overtime in violation of the FLSA and WOWA. Defendant denies Plaintiff's allegations. Because the Parties agreed to resolve this dispute through compromise, the following will not be litigated to conclusion: (1) whether Plaintiff was similarly-situated to other employees such that conditional certification is appropriate; (2) whether Defendant violated the FLSA and/or WOWA; (3) if Defendant violated the FLSA, whether liquidated damages are appropriate; and (4) whether Defendant's alleged violations of the FLSA were willful. "[T]he parties are resolving a bona fide dispute as to both the factual and legal underpinnings of Plaintiff['s] claims." *Athan*, 523 F. Supp. 3d at 965-66.

To resolve this bona fide dispute, Defendant proposes to pay the Settlement Parties two (2) times the amount of unpaid overtime to which they are allegedly entitled that they did not previously receive looking back for a period of two (2) years prior to the filing of the Lawsuit. These payments would provide the Settlement Parties with a fair resolution of the claims in the Lawsuit as the payments amount to what Defendant would have been required to pay if it had been determined through litigation that Defendant violated the FLSA and that liquidated damages were owed (allegations which Defendant denies).

The Parties are also represented by counsel who are experienced in employment and wage and hour litigation. It goes without saying that the Parties would not have agreed to the settlement if their attorneys did not believe it was a fair and reasonable resolution of Plaintiff's claim.

In addition, prior to reaching the Agreement, the Parties were afforded an opportunity to review and analyze documentation and information and "used it to evaluate the merits of their respective claims or defenses in comparison to the costs and risks associated with further

---

Parties' proposed Agreement does—representations that all similarly situated employees will be paid using the same formula as for Plaintiff.

5

litigation." *Athan*, 523 F. Supp. 3d at 967. Settlement resolves the uncertainty of litigation for all Parties. There is also no fraud or collusion behind the settlement. The case is still in the very early stages, and litigating the legal and factual issues would have required significant time and expense for the Parties. Payment to Plaintiffs' Attorneys of actual attorneys' fees and costs, capped at $15,000, is also reasonable, especially due to the fact that the Lawsuit has not proceeded beyond the Complaint stage.

## CONCLUSION

For the reasons stated above, the settlement is fair and reasonable. The Parties request that the Court enter an Order approving the Agreement. A proposed Order is attached as **Exhibit 2**.

Respectfully submitted,

Date: July 15, 2024

*/s/ Leigh M. Schultz*
Leigh M. Schultz (P71038)
Barbara A. Moore (P83123)
MILLER JOHNSON
*Attorneys for Defendants*
100 W. Michigan Avenue, Suite 200
Kalamazoo, MI 49007
269-226-2950
schultzl@millerjohnson.com
mooreb@millerjohnson.com

Date: July 15, 2024

*/s/ Robert M. Howard (w/permission)*
Robert M. Howard (P80740)
Bradley K. Glazier (P35523)
Cunningham Dalman, P.C.
*Attorneys for Plaintiff*
940 Monroe Avenue N.W., Suite 253
Grand Rapids, MI 49503
616-458-6814
robert@cunninghamdalman.com
brad@cunninghamdalman.com